Yasin M. Almadani (Cal. Bar No. 242798)
ALMADANI LAW
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
(949) 877-7177 | YMA@LawAlm.com

Ahmed Ibrahim (Cal. Bar No. 238739)
AI LAW, PLC
4695 MacArthur Ct., Suite 1100
Newport Beach, CA 92660
Tel:  (949) 266-1240
Fax:  (949) 266-1280
aibrahim@ailawfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAKIA V. PORTER, an individual on her own behalf and on behalf of her minor children, L.P. and A.P; JOE BERRY POWELL, JR., an individual; and CLIFTON POWELL, on behalf of his minor child, O.P.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., a Delaware Corporation<br><br>Defendant. | Misc. Case No. 5:24-mc-80081<br><br>[Underlying Action: United States District Court for the Eastern District of California, Case No. 2:21-cv-01473-KJM-JDP]<br><br>**MOTION TO COMPEL META PLATFORMS, INC. TO COMPLY WITH SUBPOENA** |

**TO ALL PARTIES IN THIS ACTION AND THE UNDERLYING ACTION AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT on a date and time to be determined in the above-captioned Court, Plaintiffs Nakia V. Porter, on behalf of herself and her two daughters, L.P. and A.P., and Clifton Powell, on behalf of his daughter, O.P. (collectively, "Plaintiffs"), by and through their undersigned counsel of record, will and hereby do move for an order pursuant to Rule 45 of the Federal Rules of Civil Procedure compelling Meta Platforms, Inc. ("Meta") to comply with the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") issued by Plaintiffs on February 12, 2024 and duly served on Meta.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Ahmed Ibrahim, the pleadings and papers on file herein, and any other written and oral arguments that may be presented to the Court.

Dated: April 3, 2024          ALMADANI LAW

*/s/ Yasin M. Almadani*
Yasin M. Almadani, Esq.

AI LAW, PLC

*/s/ Ahmed Ibrahim*
Ahmed Ibrahim, Esq.

*Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiffs file this motion seeking compliance with their subpoena to Meta Platforms, Inc. ("Meta"). The subpoena seeks postings that were public on the Facebook and Instagram social media accounts controlled by one of the defendants in the underlying action, Roy Stockton, a sergeant in the Solano County Sheriff's Office. The subpoena also seeks information on when the account went private or, for spoliation purposes, if posts were deleted, then when those posts were deleted.

The underlying case is a civil rights action against the County of Solano ("Solano") and numerous sheriff's deputies from the Solano County Sheriff's Office, including Sergeant Stockton (collectively, the "Solano Defendants"). The Plaintiffs are Nakia V. Porter, a 36-year-old black, female Intel engineer at the time, who brought this action on behalf of herself and her two daughters, L.P. and A.P., her father Joe Berry Powell, Jr. ("Mr. Powell"), a 65-year-old senior, and Clifton Powell, who brings this action on behalf of his daughter, O.P. (all collectively, "Plaintiffs"). In their Second Amended Complaint, Plaintiffs allege that, on the night of August 6, 2020, the Solano Defendants assaulted, falsely imprisoned, and terrorized Plaintiffs without cause and in violation of Plaintiffs' constitutional and statutory rights when the family stopped in Dixon briefly to switch drivers on their way back home from Oakland after a day trip.

Plaintiffs' claims include an equal protection claim and a Ralph Civil Rights Act claim for violence against Plaintiffs on account of their race, color, and ancestry, as well as excessive force and falsification of evidence claims. Ibrahim Decl., Ex. 4 at ¶¶ 119-125, 136-143. The records sought here are thus highly relevant to Sergeant Stockton's biases, credibility, and ability to uphold his oath of office. The evidence from social media postings, including those advertising his online store, that were once public confirm Sergeant Stockton's involvement in and support of groups such as the Three Percenter movement — an antigovernment group whose members and affiliates espouse racist ideologies.

For these reasons and the reasons stated below, Plaintiffs respectfully request the Court to enter an order compelling Meta to comply with Plaintiffs' subpoena.

2

*Motion to Compel Meta to Comply With Subpoena*     *Misc. Case No. 5:24-mc-80081*

## II. FACTUAL BACKGROUND

### A. Background of the Underlying Action

This is a civil rights action against the Solano County Sheriff's Office and individual officers arising out of constitutional and state violations for excessive force, false arrest, unlawful search and seizure, and violations of equal protection. Ibrahim Decl., Ex. 4 (Second Amended Complaint ("SAC"). The case concerns Nakia Porter, a 5-foot 2-inch, 125-pound African American Intel software engineer at the time in her thirties who was beaten unconscious by Solano County deputies when she pulled over off an exit off the 80 freeway in the City of Dixon with her family on the night of August 6, 2020 to switch drivers with her 61-year-old father. SAC at ¶¶ 26-46. Ms. Porter was arrested, but all charges were dropped as it was readily observable from the body cam and dash cam videos that she had done nothing wrong and that the County Sheriff's deputies were the aggressors with no legal justification for taking the actions they did. The deputies also put Ms. Porter's elderly father in handcuffs and put him in the back of another police car for no reason, leaving Ms. Porter's two daughters (6 and 4 at the time) and her niece (3 years old) alone in the back seat during the County's infliction of terror on this innocent family. *Id.* at ¶¶ 42-46. Plaintiffs seek damages and an injunction to change the Sheriff's Office police practices. *Id.* at p. 48.

### B. The Subpoena to Meta

The subpoena at issue pertains to the social media accounts of Roy Stockton, a sergeant with the Solano County Sheriff's Office. Plaintiffs requested the following materials:

> 1. All photos, videos, posts, comments, articles, and other content posted on the Facebook account of username "live_free_edc" from January 1, 2008 to the present.
>
> 2. All information sufficient to specify the date on which the Facebook account of username "live_free_edc" went private.
>
> 3. All photos, videos, posts, comments, articles, and other content posted on the Instagram account of username "highbrassleather" from January 1, 2008 to the present.
>
> 4. All information sufficient to specify the date on which the Instagram account of username "highbrassleather" went private.

Ibrahim Decl., Ex. 1.

By way of their letter to Meta, Plaintiffs narrowed the scope of Request Nos. 1 and 3 of the

3

*Motion to Compel Meta to Comply With Subpoena*　　　　Misc. Case No. 5:24-mc-80081

subpoena to cover only those postings that were **publicly** available on the Facebook and Instagram accounts with the usernames "live_free_edc" and "highbrassleather." Ibrahim Decl., Ex. 3.

Meta's response to the subpoena has consisted exclusively of auto-generated objections sent by e-mail to Plaintiffs' counsel on February 16, 2024. Ibrahim Decl., Ex. 2.

C. **Plaintiffs' Efforts to Meet and Confer Regarding the Subpoena**

On March 25, 2024, Plaintiffs' counsel sent a detailed letter to Meta via overnight mail and e-mail to try to meet and confer with Meta regarding the subpoena before filing this motion. Ibrahim Decl., Ex. 3. In the letter, Plaintiffs' counsel advised Meta that the discovery cutoff in the underlying action is April 8, 2024, and therefore, unless Plaintiffs heard back from Meta by April 1, Plaintiffs would be left with no choice but to file this motion. *Id.* Plaintiffs' counsel received no response from Meta. *Id.* at ¶ 6.

### III. ARGUMENT

A. **Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure governs discovery of nonparties by subpoena. The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

B. **The Materials Requested Are Highly Relevant to Plaintiffs' Claims**

As noted, Plaintiffs assert civil rights claims against the Solano County Sheriff's Office and individual officers, including Sergeant Stockton, for constitutional and state violations arising from excessive force, false arrest, unlawful search and seizure, and violations of equal protection. Ibrahim Decl., Ex. 4. Pursuant to the Second Amended Complaint, Sergeant Stockton knowingly and willfully approved falsified police reports and authored his own falsified police report to have Ms. Porter

4

*Motion to Compel Meta to Comply With Subpoena*　　　　　　　　　　　　*Misc. Case No. 5:24-mc-80081*

prosecuted, as well as protect the two deputies who physically assaulted Ms. Porter (Deputies Dalton McCampbell and Lisa McDowell) from discipline and prosecution. SAC at ¶¶ 19, 74.

Accordingly, Sergeant Stockton's biases, credibility, and ability to uphold his oath of office are squarely at issue in this litigation. The evidence from social media postings, including those advertising his online store, that were once public confirm Sergeant Stockton's involvement in and support of the Three Percenter movement — an antigovernment group whose members and affiliates espouse racist ideologies and which was founded in response to the presidency of President Barack Obama. SAC at ¶ 19, 74-81. This is highly relevant to Plaintiffs' claims, which, among others, include an equal protection claim and a Ralph Civil Rights Act claim for violence against Plaintiffs on account of their race, color, and ancestry, as well as excessive force and falsification of evidence claims. SAC at ¶¶ 119-125, 136-143.

Specifically, Sergeant Stockton received a gift from his friend and fellow law enforcement officer (Cully Pratt) of a gun rack containing the Three-Percenter symbol surrounded by shotgun shells similar to confederate flags, with an AR-15 on the rack and the words "Will Not Comply." Ibrahim Decl., Ex. 5 (Depo. Ex. 175); Ex. 10 (Stockton Depo.) at 150:7-151:25, 159:11-160:7. The social media post where this gift was displayed contained, among other hashtags, the following: "#willnotcomply," "#livefreeordie," "#3percenter," and "#blackgunsmatter." *Id.* Sergeant Stockton proudly hung this anti-government/racist gun rack at his garage. Ibrahim Decl., Ex. 10 (Stockton Depo.) at 163:20-164:5.

Sergeant Stockton also made and sold leather goods containing the Three Percenter symbol on his online store called "High Brass Leather." Ibrahim Decl., Ex. 6 (Depo. Ex. 177) ("Leather items for your pocket."). The Instagram account for his online store called High Brass Leather, containing relevant posts, photos, videos and comments was mysteriously taken private after the lawsuit was filed. *Id.* (Depo. Ex. 177); Ibrahim Decl., Ex. 10 (Stockton Depo.) at 185:15-20.

On November 7, 2016, Sergeant Stockton reposted a collage of highly threatening guns, including numerous glocks and assault rifles, on his Facebook account "live_free_edc," with the message "Getting ready for the election tomorrow [emojis]. Still mind-boggling that Hillary is not in jail. Just remember when you go vote '13 hours' [U.S. flag emoji]." Ibrahim Decl., Ex. 7 (Depo. Ex. 179); Ex. 10 (Stockton Depo). at 189:17-190:8. The post contained several hashtags of the names of guns, #donttreadonme, and

5

Motion to Compel Meta to Comply With Subpoena      Misc. Case No. 5:24-mc-80081

@thepatriotmilitia. *Id.*

To make matters worse, when Plaintiffs' counsel asked Sergeant Stockton about these posts and his unmistakable support and knowledge of the Three Percenter movement, Sergeant Stockton perjured himself by refusing to provide honest answers—instead pretending he knew nothing despite the overwhelming objective evidence implicating him with this highly dangerous anti-government movement with members espousing white supremacist views and whose members were implicated in the January 6, 2020, insurrection at the Capitol to overthrow the government. Ibrahim Decl., Ex. 10 (Stockton Depo.) at 173:18-176:10, 176:16-179:1, 179:5-8, 179:18-22, 180:11-181:2, 181:15-20, 184:9-13, 185:5-14, 189:17-190:17, 190:22–191:3, 191:17–192:7, 193:19–194:1, 196:25–197:6, 198:9-23, 207:19-25.

In short, contrary to the automated objections Plaintiffs' counsel received from Meta, the records sought pursuant to the subpoena are highly relevant to the claims in this case, especially considering Mr. Stockton's repeated perjury and refusal to provide honest answers during his depositions. They are relevant to Sergeant Stockton's biases and prejudices against Plaintiffs, an African American family, as well as to his credibility and ability to uphold his oath of office.

### C. Meta's Objections Are Without Merit

Meta's automated objections include an objection made under the Stored Communications Act (SCA). This objection is without merit. Plaintiffs are not seeking the production of private communications or postings. Therefore, there is no basis for any objection that Meta is legally precluded from producing the requested materials under the SCA. As noted, Plaintiffs have limited the scope of Request Nos. 1 and 3 of the subpoena to cover only those materials that were publicly available on the Facebook and Instagram accounts with the usernames "live_free_edc" and "highbrassleather." Such publicly available materials are not protected by any rights of privacy or statutory protections under the SCA. *See*, *e.g.*, 18 U.S.C. § 2702(b)(3) (a provider may "divulge the contents of a communication . . . with the lawful consent of the originator or an addressee or intended recipient of such communication, or the subscriber in the case of remote computing service."); *Facebook, Inc. v. Superior Court*, 4 Cal. 5th 1245, 1274 (2018) (concluding that "communications configured by a social media user to be public fall within section 2702(b)(3)'s lawful consent exception, presumptively permitting disclosure by a provider."); 18 U.S.C. § 2511(2)(g) ("It shall not be unlawful under [the SCA] for any person ... to

6

intercept or access an electronic communication made through an electronic communication system that is configured so that such electronic communication is readily accessible to the general public")

In addition, Plaintiffs have been unable to obtain all requested discovery directly from Mr. Stockton. Plaintiffs propounded a formal request for production of document upon Mr. Stockton seeking the following:

> For the period of ten years preceding the INCIDENT on August 6, 2020, through the present date, all DOCUMENTS, including e-mails and social media messages and postings, relating to all social, political, militant, pro-gun rights, patriotic, American nationalist, fascist, racist, white supremacist, or white nationalist organizations, clubs, associations, or groups that YOU belong/belonged to, are/were affiliated with, or attended meetings of. Examples of such organizations, clubs, associations, or groups in this [Request] includes, but is not limited to, Proud Boys, Oath Keepers, Three Percenters, Constitutional Sheriffs, Boogaloo Movement, National Rifle Association, and the Ku Klux Klan.

Ibrahim Decl., Ex. 8. Mr. Stockton provided a verified response to this request indicating he is producing "all responsive documents in his possession, custody, and control." *Id.*

However, although Mr. Stockton produced a modicum of his Facebook and Instagram posts, it is clear that many of the responsive postings were omitted from the production. Ibrahim Decl., ¶ 12. For example, none of the postings Stockton was confronted with at his depositions—which were available from public articles—were a part of Stockton's production. *Id.*

There is also no valid argument that the requested records are private. Several news articles reported on Mr. Stockton's public social media activity. *See*, *e.g.*, Ibrahim Decl., Ex. 9. None of the social media postings discussed in these articles were produced by Mr. Stockton. Ibrahim Decl., ¶ 13. And, as noted, further efforts to obtain documents from him directly would be futile in light of his verified response confirming, under penalty of perjury, that he has produced all documents in his possession, custody, or control. He chose to do this despite the existence of these materials and others he was confronted with at his deposition—none of which were included in his production.

Finally, Meta's remaining objections are without merit. The requests are narrowly tailored to cover specific information for specific usernames. They are therefore not overly broad, unduly burdensome, or vague. Further, Plaintiffs do not seek privileged, confidential, proprietary, or trade secret information. To the contrary, Plaintiffs seek postings from Sergeant Stockton's accounts that were shared

7

with the public.

IV. **CONCLUSION**

For the reasons stated above, Plaintiffs respectfully request that Meta Platforms, Inc. be ordered to comply with Plaintiffs' subpoena as narrowed by Plaintiffs' meet and confer letter dated March 25, 2024.

Dated: April 3, 2023

ALMADANI LAW

*/s/ Yasin M. Almadani*
Yasin M. Almadani, Esq.

AI LAW, PLC

*/s/ Ahmed Ibrahim*
Ahmed Ibrahim, Esq.

*Attorneys for Plaintiffs*

8

*Motion to Compel Meta to Comply With Subpoena*  Misc. Case No. 5:24-mc-80081