# EXHIBIT 2

**Subject:** [Case #8459809]
**Date:** Friday, February 16, 2024 at 2:54:23 AM Pacific Standard Time
**From:** Records
**To:** aibrahim@ailawfirm.com

Hello,

Meta Platforms, Inc. ("Meta") received a subpoena from you issued on behalf of a litigant on February 13, 2024 (Case# 2:21-CV-01473-KJM-JDP) seeking information associated with a purported Facebook and/or Instagram account. Meta objects to your subpoena for the reasons below. Please review this information, as well as information available in the relevant Facebook's Help Center, located at http://www.facebook.com/help/ and/or Instagram's Help Center, located at https://help.instagram.com/. Meta reserves all objections and rights.

To the extent your request is improperly addressed to WhatsApp, Meta does not accept service of subpoenas and other legal processes directed to WhatsApp LLC. All subpoenas and other legal processes related to the WhatsApp service must be directed to WhatsApp LLC.

For requests addressed to Instagram LLC, Meta will not accept subpoenas directed to Instagram LLC. All subpoenas must be directed to the entity mentioned in the terms of service that are applicable to the use of Meta's service. For U.S. users, all subpoenas must be directed to Meta Platforms, Inc.

If your subpoena is not issued from a court with subpoena power over Meta, this letter is not intended by Meta, and should not be construed by you, as consent by Meta to the jurisdiction or subpoena power of the issuing court. Meta is a Delaware corporation headquartered in California and objects to the subpoena power of any state court outside of these jurisdictions, and objects to any federal subpoena that demands compliance more than 100 miles from Meta's Menlo Park, California headquarters in violation of Fed. R. Civ. P. 45(c)(2)(A).

Requests for User Content and Information

Meta addresses all requests related to user accounts in accordance with the federal Stored Communications Act, 18 U.S.C. §§ 2701, et seq. Please note that service providers are not the proper recipients of requests for the contents of users' electronic communications.

Requests for the Content of a User Account Must be Directed to the User

If you are seeking the content of a user's electronic communications, such as messages, posts, comments, photos, or videos, you must direct your request to the user or other non-provider entities. Active users can log into their accounts at any time to preserve, collect, produce, and authenticate their account contents. Various tools are available to help users access and download their information. Descriptions of these tools are available in our Help Center.

Meta does not produce user content in response to consent forms. Users can directly respond to party or non-party discovery requests without Meta's involvement. Information about deactivated and deleted accounts, and deleted information, is available in our Help Center and our Data Use Policy.

Requests for Account Details and Non-Content Information

If you are a non-governmental entity seeking non-content basic subscriber information associated with a user account that cannot be obtained from the user, your subpoena is not otherwise objectionable, and your subpoena uniquely identifies an account by URL or email address, Meta may produce reasonably available basic subscriber information, if any, after providing 21-days notice to the user of an affected account. If you wish to proceed with this limited scope of discovery, please contact us. Depending on the facts of the case, Meta reserves the right to object to production of non-content basic subscriber information on First Amendment grounds. See Glassdoor, Inc. v. Superior Court, 9 Cal. App. 5th 623, 634-35 (2017). If you are a governmental entity, please also note that the federal Stored Communications Act prevents governmental entities from using civil discovery subpoenas to obtain non-content basic subscriber information. See F.T.C. v. Netscape Communications Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000).

Additional Considerations and Objections

Meta does not waive personal service of private party, non-governmental legal process. Meta and its records custodians are located in Menlo Park, California, which is where the Company resides.

Please ensure that any requests for Instagram or Facebook user data are correctly addressed to:

Meta Platforms, Inc.
1 Meta Way,
Menlo Park,
CA 94025

Meta cannot respond to subpoenas containing requests that are overly broad, unduly burdensome, vague, or not reasonably calculated to lead to the discovery of admissible evidence. Please ensure that you have identified a unique user account by URL or email

address and that your request is appropriately date and field limited.

Meta objects to all requests that seek protected or privileged information, including information protected by the attorney-client or other applicable privilege, or confidential, proprietary, or trade secret information.

Meta is not in a position to authenticate or verify account content. Such requests should be directed to the creator or recipient of the content. Meta also is not in a position to provide witnesses for trial or deposition. The appearance of a records custodian is unnecessary because any non-content records produced are self-authenticating.

Meta does not preserve information in response to third party subpoenas or private party or non-governmental requests. Such requests should be directed to the user.

Please correct all deficiencies in your subpoena before reserving.

Finally, if you are seeking early or pre-action discovery, please provide a court order authorizing such discovery.

Sincerely,
Meta Platforms, Inc.

NOTICE: This email (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. Unless you are the intended recipient, you may not use, copy, or retransmit the email or its contents.